# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ERNEST DRAPER, )
)
    Petitioner/Plaintiff, )
)
v. ) Case No. CIV-17-1289-D
)
UNITED STATES, )
)
    Respondent/Defendant. )

## **ORDER**

Petitioner, a state prisoner appearing *pro se*, filed an Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 on February 12, 2018 [Doc. No. 10]. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings.

On February 15, 2018, Judge Purcell filed a Report and Recommendation ("Report") [Doc. No. 11], in which he recommended that the Court dismiss the amended petition without prejudice to allow Petitioner to exhaust his state remedies. Specifically, Judge Purcell noted that a § 2241 action was not the proper course for challenging conditions of confinement, including facility overcrowding. Judge Purcell found Petitioner's claim relating to good time credits could be properly raised in a § 2241 proceeding, but recommended dismissal based on Petitioner's failure to exhaust administrative and state remedies.

Judge Purcell advised Petitioner of his right to object and directed that any objection be filed on or before March 7, 2018. Judge Purcell further advised Petitioner that any

failure to object would result in a waiver of the right to appellate review. The deadline for filing objections has passed. To date, Petitioner has not filed objections and has not sought an extension of time in which to do so.

Accordingly, Judge Purcell's Report and Recommendation [Doc. No. 11] is ADOPTED as though fully set forth herein. The Amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 10] is dismissed without prejudice to refiling.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED. The denial shall be included in the judgment.

IT IS SO ORDERED this 15th day of March 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE